**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY

M.L. KING, JR. FEDERAL BUILDING

50 WALNUT ST., 3RD FLOOR

NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH            (973) 645-4693

BANKRUPTCY JUDGE            Fax: (973) 645-2606

**NOT FOR PUBLICATION**

**FILED**
JAMES J. WALDRON, CLERK
**OCT. 21, 2010**
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

October 21, 2010

**LETTER OPINION**

**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Deily Mooney & Glastetter, LLP
Joann Sternheimer, Esq.
One Greentree Centre
10000 Lincoln Drive East, Suite 201
Marlton, New Jersey 08053
*Counsel for Plaintiffs*
*BMW Financial Services*

The Stern Law Firm, LLC
John J. Stern, Esq.
32 Mercer Street
Hackensack, New Jersey 07601
*Counsel for Defendants/Third-Party Plaintiffs*
*Donald and Madeline V. Ploetner*

Bingham McCutchen LLP
John R. Skelton, Esq.
150 Federal Street
Boston, Massachusetts 02110
*Counsel for Third-Party Defendant*
*BMW of North America*

Re:   **BMW Financial Services, et al. v. Ploetner, et al**
      **Adv. Proc. No. 10-01637 (DHS)**
      **Lead Case No. 09-12804 (DHS) (In re Towne, Inc.)**

Page 2
October 21, 2010

Dear Counsel:

      Before the Court are two motions by BMW Financial Services ("BMW FS") and BMW of North America ("BMW NA") (together, "Movants"), respectively, to dismiss the counterclaims of Donald and Madeline Ploetner ("Ploetners"). Pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027, this matter was removed from the state court on motion by the Third-Party Defendant, BMW NA. The Ploetners oppose these motions to dismiss and have filed a cross motion to remand the case to the state court.

      For the reasons that follow, the Court finds that it lacks the requisite jurisdiction over the motions and remands the case to the state court pursuant to 28 U.S.C. § 1452(b). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

## FACTS AND PROCEDURAL HISTORY

**I.    The Bankruptcy Case**

      On February 5, 2009 and April 6, 2009, respectively, Towne, Inc. and DMD Towne, Inc. ("Debtors") filed voluntary bankruptcy petitions under chapter 11. For procedural efficiency, the Court administratively consolidated the two cases. The Debtors were in business of operating BMW automotive dealerships. ((Br. of Def., BMW NA, in Supp. of Mot. to Dismiss, 2-5) ("BMW NA Br.") The Ploetners, as principal shareholders, controlled both debtor entities. (*Id.* at 2, 5) BMW FS was the secured lender. (Cert. of Joann Sternheimer, Ex. B) ("Sternheimer Cert."). BMW NA was a party to several dealership agreements with the Debtors. (BMW NA Br., 2)

      During the bankruptcy case, the Debtors attempted to effectuate a sale of dealership assets and real estate pursuant to 11 U.S.C. §§ 363 and 365. (*Id.*) As part of any sale agreement, however, BMW FS and BMW NA insisted on the Debtors executing a release of claims in favor of BMW FS and BMW NA. (*Id.* at 3) The Debtors refused to consent to a release and the Court ultimately denied the sale motion. (*Id.*)

      Shortly thereafter, the Court, upon motion of the United States Trustee, converted the case to chapter 7. (*Id.*) A chapter 7 Trustee was appointed and took control of the Debtors' estates. (*Id.* at 3-4) On January 7, 2010, the Trustee filed a new sale motion that included the release agreement ("Release") sought by BMW FS and BMW NA. (*Id.* at 4) The Court approved the sale and the Release became effective immediately. (*Id.* at 5)

Page 3
October 21, 2010

## II.  State Court Foreclosure Action

The present action originated on June 22, 2009, when BMW FS commenced a foreclosure proceeding against the Ploetners in the Superior Court of New Jersey, Chancery Division, Morris County. (Sternheimer Cert., Ex. B(1))  The Ploetners then filed counterclaims against BMW FS and BMW NA, as a third-party defendant. (Br. of Plaintiff BMW FS in Supp. of Mot. to Dismiss, 4) ("BMW FS Br.")  The counterclaims allege various violations of the New York State Franchised Motor Vehicle Dealer Act, N.Y. Veh. & Traf. §§ 460, *et seq.*, and the New Jersey Franchise Practices Act, N.J.S.A. 56:10-1, *et seq.*  (*Id.*)  BMW FS and BMW NA argue that these claims belong to the coporate Debtors and, after conversion, the chapter 7 Trustee, and were released by the Trustee pursuant to the Sale and Release approved during the bankruptcy case. (BMW NA Br., 4)   BMW NA removed the matter to this Court on May 18, 2010 and, together with BMW FS, now seek to dismiss the counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6).  (*Id.* at 1)

## **DISCUSSION**

### I.  Removal to the Bankruptcy Court

A case may be removed to the bankruptcy court under either 28 U.S.C. § 1441(a), which governs removal of all claims to the federal courts, or 28 U.S.C. § 1452(a), which applies specifically to bankruptcy.  *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995). Section 1441(a) provides for removal by the "defendant or the defendants":

> "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added)

28 U.S.C. § 1441(a).  Section 1452(a), however, provides for removal by "a party":

> "(a) A *party* may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

28 U.S.C. § 1452(a).   Whereas the majority of courts give the phrase "defendant or the defendants" in section 1441(a) its plain meaning, thereby refusing to allow removal by third-

Page 4
October 21, 2010

party defendants, the same plain meaning analysis leads to the conclusion that the use of the term "party" in other removal statutes is evidence that Congress intended to allow removal by third-party defendants under these statutes, including under section 1452(a). *See Lead I JV, LP v. North Fork Bank*, 401 B.R. 571, 578 (E.D.N.Y. 2009) (*citing Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 333 (4th Cir. 2008)); *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 463 (6th Cir. 2002); *FirstBank Puerto Rico v. Gittens*, 466 F. Supp. 2d 614, 620, 48 V.I. 564 (D.V.I. 2006)).

BMW NA, the third-party defendant, sought to remove the present case to this Court under § 1452. As noted above, the case law is well settled that § 1452 grants third-party defendants that right. BMW NA asserts that removal is proper under this statute as the claims and conduct asserted "implicate the various rulings of the Bankruptcy Court." (BMW NA Reply Br., 9) However, while this may be true, the Court does not necessarily have jurisdiction under 28 U.S.C. § 1334. As expressed in § 1452, removal cannot be proper if the Court lacks jurisdiction over the claim or cause of action being asserted. 28 U.S.C. § 1452(a). Accordingly, the Court must first answer the question of subject matter jurisdiction.

## II.   Bankruptcy Subject Matter Jurisdiction

In bankruptcy cases, subject matter jurisdiction is granted and defined by 28 U.S.C. § 1334. Section 1334 confers jurisdiction upon the district courts and 28 U.S.C. § 157(a) permits the district courts to refer matters to the bankruptcy court. Bankruptcy jurisdiction extends to four distinct types of matters: (1) cases "under" title 11, (2) proceedings "arising under" title 11, (3) proceedings "arising in" a case under title 11, and (4) proceedings "related to" a case under title 11. *See In re Combustion Eng'g*, 391 F.3d 190, 225 (3d Cir. 2005) (*citing Binder v. Price Waterhouse & Co., LLP* (*In re Resorts Int'l, Inc.*), 372 F.3d 154, 162 (3d Cir. 2004)).

Jurisdiction over "[c]ases under title 11 . . . refers merely to the bankruptcy petition itself." *Id.* at 226 n.38. "Arising under" jurisdiction refers to proceedings that "invoke a substantial right provided by title 11." *See Resorts Int'l*, 372 F.3d at 162-63 (citations omitted). This jurisdictional category is "analogous to 28 U.S.C. § 1331, which provides for original jurisdiction in district courts 'of all civil actions arising under'" federal law. *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006). "Arising in" jurisdiction refers to proceedings that "by [their] nature, could arise only in the context of a bankruptcy case." *Resorts Int'l*, 372 F.3d at 163 (citations omitted).

The final and most expansive category is "related to" jurisdiction. *See Id.*[1] While intentionally broad, the scope of "related to" jurisdiction "cannot be limitless." *Id.* The Third

---

[1] "With 'related to' jurisdiction, Congress intended to grant bankruptcy courts 'comprehensive' jurisdiction so that they could 'deal effectively and expeditiously' with matters connected with the bankruptcy estate." *Resorts Int'l*, 372 F.3d at 163-64 (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, 131 L. Ed. 2d 403, 115 S. Ct. 1493 (1995) (*quoting Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984))).

Page 5
October 21, 2010

Circuit stated the seminal test for determining the boundaries of this jurisdiction in *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984), when it held that bankruptcy courts have "related to" jurisdiction if "the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc.*, 743 F.2d at 994.[2] The effect on the estate need not be a certainty, or even likely, and the parties to the proceeding need not include the debtor. *Resorts Int'l*, 372 F.3d at 164. The Supreme Court has noted, however, that the "critical component" of the *Pacor* test is that a "related to" proceeding must have some potential to affect the estate of the debtor. *Id.* (*citing Celotex,* 514 U.S. at 308 n.6). Where this element is lacking, the bankruptcy court has no jurisdiction. *Id.*

Finally, it goes without saying that jurisdiction retention provisions that are included in a plan confirmation or other order issued by the bankruptcy court cannot expand a court's jurisdiction beyond the statutory limits of § 1334. *Id.* at 161. ("[I]f a court lacks jurisdiction over a dispute, it cannot create that jurisdiction by simply stating that it has jurisdiction in a confirmation or other order.").

The Ploetners' counterclaims in this proceeding seek relief under various state franchise and dealer statutes. Thus, they do not "arise under" or "arise in" a case under title 11, as those categories have been defined by the courts. It is equally obvious that the counterclaims are not the bankruptcy petition and thus not a "case under title 11." Nor did this Court retain jurisdiction in the Sale Order. (Am. Order Auth. Trustee's Sale, *In re Towne, Inc*., Case No. 09-12804, Doc. 203, May 6, 2010) Therefore, the only remaining inquiry is whether this proceeding is "related to" the earlier bankruptcy case.

As noted above, *Pacor* dictates that a bankruptcy court does not have "related to" jurisdiction if the proceeding cannot conceivably affect the bankruptcy estate. *Pacor, Inc.*, 743 F.2d at 994. Taken literally, this would preclude courts from exercising jurisdiction in any proceeding that arises after confirmation or where the debtor's estate otherwise ceases to exist. *Resorts Int'l*, 372 F.3d at 164-65. The test, however, is not usually applied in a way that would bar all post-confirmation jurisdiction. *Id.* at 165. Both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure assume jurisdiction at these late stages.[3] *Id.* Significantly, however, the usual examples deal in some respect with administration of either the estate or the plan. *Id.* Here, nothing in the present case implicates or will affect the administration of the estate. Although the present case involves an asset sale under section 363 of the Code rather than a confirmed plan, the cases on post-confirmation jurisdiction are nevertheless instructive.

---

[2] In *Things Remembered*, 516 U.S. 124, the Supreme Court overruled *Pacor* on grounds not applicable to the "related to" analysis. The Third Circuit recently reaffirmed the *Pacor* test in *W.R. Grace & Co., et al. v. Chakerian, et al. (In re W.R. Grace & Co.)*, 591 F.3d 164 (2009).

[3] "11 U.S.C. § 1442(b) authorizes the bankruptcy court to "direct the debtor and any other necessary party . . . to perform any other act . . . that is necessary for the consummation of the plan," (citation omitted) . . . and Fed. R. Bankr. P. 3020(d) provides that 'notwithstanding the entry of the order of confirmation, the court may issue any other order necessary to administer the estate.'" (citation omitted). *Resorts Int'l*, 372 F.3d at 165.

y

Page 6
October 21, 2010

In *Resorts International*, the Third Circuit summarized the various standards applied to questions of post-confirmation jurisdiction. *Id.* at 166. "[T]he essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or proceeding sufficient to uphold . . . jurisdiction over the matter." *Id.* In upholding jurisdiction, it is important that the action does not involve a "collateral" dispute to the bankruptcy case. *Donaldson*, 104 F.3d at 553. Various courts have looked to whether the action "'implicated the integrity of the bankruptcy process' because one party's actions impaired the other party's ability to act in accordance with the plan." *Id.* (*quoting Donaldson v. Bernstein*, 104 F.3d 547, 553 (3d Cir. 1997). In order to find a close nexus, "the claim must affect an integral aspect of the bankruptcy process." *Id.* A review of the case law, however, reveals that "integrity of the bankruptcy process" and "integral aspect of the bankruptcy process" are really alternative ways of saying that, simply put, the claims must in some way affect the ability of the court to administer the estate or the plan. *See, e.g. Bergstrom v. Dalkon Shield Claimants Trust (In re A. H. Robins Co.),* 86 F.3d 364 (4th Cir. 1996) (retaining jurisdiction where the claim for attorney's fees could affect the ability of the plan-created trust to settle remaining claims); *In re Resorts Int'l*, 199 B.R. 113 (Bankr. D.N.J. 1996) (retaining jurisdiction where the court was required to construe and enforce provisions of the plan); *Falise v. Am. Tobacco Co.*, 241 B.R. 48 (E.D.N.Y. 1999) (no jurisdiction over a collateral dispute brought by the plan-created trust against non-parties to the bankruptcy proceeding); *Grimes v. Graue (In re Haws),* 158 B.R. 965 (Bankr. S.D. Tex. 1993) (no jurisdiction over an action brought by the trustee against the debtor's partner for breach of fiduciary duty).

*In re Haws* is particularly notable here. In that case, the bankruptcy court found that it lacked jurisdiction where the only nexus was that the plaintiff was a party to the bankruptcy case. *In re Haws,* 158 B.R. at 971. The *Haws* court further recognized that "nowhere in the lawsuit is the bankruptcy court being asked to construe or interpret the plan or to see that federal bankruptcy laws are complied with in the face of violations." *Resorts Int'l*, 372 F.3d at 168 (citing *In re Haws,* 158 B.R. at 971).

The instant case presents facts similar to *Falise*, 241 B.R. 48, and *Haws*, 158 B.R. 965. The matter did not arise from the bankruptcy proceeding, but rather from a foreclosure proceeding in the state court initiated against non-debtors. (Sternheimer Cert., Ex. B(1))  The Ploetners went on to assert various counterclaims in the state court against BMW FS and BMW NA, none of which implicate the Sale Order or any provisions in the Bankruptcy Code. Furthermore, the Ploetners as individuals were not a party to the underlying bankruptcy case. The only nexus the Court finds readily apparent is that the Ploetners are principals of the Debtors. The relief sought by the Ploetners under the New York and New Jersey statutes has no conceivable effect on the Debtor or the estate. Although the Movants argue that a close nexus exists in protecting the integrity of the bankruptcy sale process, this argument fails because neither the Release itself is being challenged nor is the Court being asked to construe its terms. On the basis of these facts, section 1334(b) does not grant this Court jurisdiction over this litigation or the motion to dismiss.

Page 7
October 21, 2010

## **CONCLUSION**

The Court does not have jurisdiction in this matter. Even if otherwise properly removed by the third-party defendant, BMW NA, pursuant to § 1452(a), the litigation is between non-debtor parties and lacks a sufficiently close nexus to the bankruptcy case. The initial litigation in state court was a foreclosure proceeding on the real property of a non-debtor party and can have no effect on either the Debtor or the estate. The Movants retain all rights under the Release granted during the bankruptcy case and may seek dismissal of their claims pursuant thereto in the state court. Accordingly, the Court remands the matter to the Superior Court of New Jersey pursuant to § 1452(b).

An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

                                          Very truly yours,

                                          *s/*    *Donald H. Steckroth*

                                          DONALD H. STECKROTH
                                          UNITED STATES BANKRUPTCY JUDGE

Enclosure